UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SOUTHWESTERN PAYROLL SERVICE, INC.,

                                      **Plaintiff,**

NATIONAL PAYMENT CORPORATION,

                                      **Intervenor Plaintiff,**

                       v.                                  1:19-CV-1349
                                                        (FJS/CFH)

**PIONEER BANCORP, INC.; PIONEER BANK; MICHAEL T. MANN; VALUE WISE COPORATION doing business as Apogee doing business as Optix Consulting doing business as Primary Search Group; MYPAYROLLHR.COM, LLC; CLOUD PAYROLL, LLC; ROSS PERSONNEL CONSULTANTS, INC.; ALWAYS LIVE HOLDINGS, LLC; KANINGO, LLC; HIRE FLUX, LLC; HIRE FLUX HOLDINGS, LLC; VIVERANT LLC; and HEUTMAKER BUSINESS ADVISORS, LLC,**

                                        **Defendants.**
_____

**APPEARANCES**                               **OF COUNSEL**

**COOPER ERVING & SAVAGE LLP**       **MIACHAEL A. KORNSTEIN, ESQ.**
39 North Pearl Street, 4th Floor
Albany, New York 12207
Attorneys for Plaintiff

**BAUM GLASS JAYNE CARWILE**        **ANDREW JAYNE, ESQ.**
**& PETERS PLLC**
401 South Boston Avenue, Suite 2000
Tulsa, Oklahoma 74103
Attorneys for Plaintiff

| | |
|---|---|
| **GREENBERG TRAURIG, LLP**<br>54 State Street, 6th Floor<br>Albany, New York 12207<br>Attorneys for Proposed Intervenor<br>Plaintiff National Payment<br>Corporation | **CYNTHIA E. NEIDL, ESQ.**<br>**KATIE L. BIRCHENOUGH, ESQ.** |
| **GREENBERG TRAURIG, P.A.**<br>1000 Louisiana, Suite 1700<br>Houston, Texas 77002<br>Attorneys for Proposed Intervenor<br>Plaintiff National Payment Corporation | **JENNIFER TOMSEN, ESQ.**<br>**ROLAND GARCIA, ESQ.** |
| **DLA PIPER LLP**<br>677 Broadway, Suite 1205<br>Albany, New York 12207-9705<br>Attorneys for Defendants Pioneer<br>Bancorp, Inc. and Pioneer Bank[1] | **JEFFREY D. KUHN, ESQ.**<br>**ROBERT J. ALESSI, ESQ.** |

**SCULLIN, Senior Judge**

### ORDER

Pending before the Court are Defendants Pioneer Bancorp, Inc. and Pioneer Bank's (collectively "Pioneer Defendants") objections, *see* Dkt. No. 79, to Magistrate Judge Hummel's Report-Recommendation and Order, *see* Dkt. No. 76.[2]

In their objections, the Pioneer Defendants request that the Court correct Magistrate Judge Hummel's Report-Recommendation and Order in the following respects: (1) state the legal standard governing National Payment Corporation's ("NatPay") motion to intervene; (2) clarify

---

[1] Defendants Michael T. Mann, ValueWise Corporation, MyPayRollHR.Com, LLC, Cloud Payroll, LLC, Ross Personnel Consultants, Inc., Always Live Holdings, LLC, Kaningo, LLC, Hire Flux, LLC, Hire Flux Holdings, LLC, Viverant LLC, and Heutmaker Business Advisors, LLC have not entered appearances in this action.

[2] Although the Pioneer Defendants refer to their submission as a motion for reconsideration of Magistrate Judge Hummel's Report-Recommendation and Order, the Court considers this document as their objections to that Report-Recommendation and Order.

that the "Facts" set forth in the "Background" section are based on SWP's and NatPay's disputed allegations, which are assumed to be true only for purposes of deciding NatPay's motion to intervene, and that the Court in deciding NatPay's motion to intervene makes no factual findings or determinations as to the many disputed factual and legal issues in this case; (3) remove footnote 9 and the reference to or reliance on the unverified complaint in Case No. 1:20-cv-487; (4) correct the text on pages 6-7 to clarify that the correspondence submitted by NatPay is the NACHA Letter and not a "response to Justice Platkin" from "counsel for the Pioneer Defendants"; and (5) correct the text on pages 6-7 and 13 stating that the Pioneer Defendants "seized" the funds in Account No. 2440 "as 'collateral' for the Loan and pursuant to [Pioneer Bank's] 'set off rights' with respect to the Loan." *See* Dkt. No. 79-1 at 21.[3]  The Pioneer Defendants, however, state that they "do **not** seek reconsideration with respect to the conclusion of [Magistrate Judge Hummel's Report-Recommendation and Order] allowing NatPay to intervene." *See id.* at 5 (emphasis added) (footnote omitted).

When a party does not object to a magistrate judge's report-recommendation, the court reviews that report-recommendation for clear error or manifest injustice. *See Linares v. Mahunik*, No. 9:05-CV-625, 2009 WL 3165660, *10 (N.D.N.Y. July 16, 2009) (citation and footnote omitted). After conducting this review, "the Court may 'accept, reject, or modify, in whole or in part, the . . . recommendations made by the magistrate judge.'" *Id.* (quoting 28 U.S.C. § 636(b)(1)(C)).

As noted, the Pioneer Defendants do not object to Magistrate Judge Hummel's recommendation that the Court grant NatPay's motion to intervene. Although they take issue

---

[3] References to page numbers of documents in the record are to the page numbers that the Court's Electronic Case Filing System generates and appear in the upper right corner of those pages.

with certain text that Magistrate Judge Hummel either included or excluded in his Report-Recommendation and Order, none of those items affects either his analysis or ultimate conclusion that NatPay has met its burden to "demonstrat[e] that it has a substantial interest in this litigation and that the interest may be impaired or impeded if it is not permitted to intervene." *See* Dkt. No. 76 at 16.[4]

Accordingly, having reviewed Magistrate Judge Hummel's August 4, 2020 Report-Recommendation and Order for clear error and manifest injustice and finding none, the Court hereby

**ORDERS** that Magistrate Judge Hummel's recommendation that the Court grant National Payment Corporation's motion to intervene pursuant to Rule24(a) of the Federal Rules of Civil Procedure is **ACCEPTED** for the reasons stated in his well-reasoned Report-Recommendation and Order.

**IT IS SO ORDERED.**

Dated: October 6, 2021
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge

---

[4] Moreover, nothing in Magistrate Judge Hummel's Report-Recommendation and Order precludes the Pioneer Defendants from raising any of the issues that they assert in support of their requested "corrections" at the appropriate time.