**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

SOUTHWESTERN PAYROLL SERVICE, INC., et al.

                                        Plaintiffs,                  1:19-CV-01349
    v.                                                            (FJS/CFH)

PIONEER BANK, et al.,

                                        Defendants.

---

**APPEARANCES:**                                      **OF COUNSEL:**

Cooper, Erving Law Firm                  MICHAEL A. KORNSTEIN, ESQ.
39 North Pearl Street, 4th Fl.
Albany, New York 12207
Attorneys for plaintiff Southwestern Payroll Service, Inc.

Baum Glass Jayne Carwile & Peters PLLC    ANDREW JAYNE, ESQ.
401 S. Boston Avenue, Ste. 2000
Tulsa, Oklahoma
Attorneys for plaintiff Southwestern Payroll Service, Inc.

Greenberg Traurig, LLP                   CYNTHIA E. NEIDEL, ESQ.
54 State Street, 6th Fl.
Albany, New York 12207
Attorneys for intervenor plaintiff National Payment Corporation

DLA Piper LLP                                    ROBERT J. ALESSI, ESQ.
1251 Avenue of the Americas
Ste 27th Floor
New York, New York 10020
Attorneys for defendant Pioneer

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

**DECISION & ORDER**

**I. Background**

On October 15, 2021, defendants filed a motion to strike expert reports and to preclude the testimony of C. Wayne Crowell and John DelPonti. See Dkt. No. 157. In response, plaintiff National Payment Corporation ("Nat Pay") filed a one-page letter stating that they

> vigorously dispute Pioneer's arguments in support of its Motion to strike for all the reasons set forth in their opposition to the motion. However, in order to partially resolve the motion, Plaintiffs' experts have also amended their responses to state affirmatively that neither intends to testify or opine on the thought-processes or credibility of witnesses or provide opinions on any ultimate legal issues in this case, and to eliminate any purported testimony or opinions from their reports.

See Dkt. No. 186. Attached to this letter were two amended expert reports, 195 and 70 pages in length, respectively. See Dkt. Nos. 186-1, 186-2. Plaintiffs did not submit redlined versions of these expert reports.

On April 11, 2022, defendants filed a two-page letter in response. Dkt. No. 187. Defendants contended that, "[a]lthough not identified as such, Plaintiffs' letter is in substance a motion for leave to amend their expert reports. It should be denied." Id. at 1. Defendants argued that the Court set a briefing schedule for service of expert reports and plaintiffs had also already filed opposition to the motion to strike. Id. Defendants contend that plaintiffs' letter "tacitly concedes the validity of the arguments in Pioneer's motion, but this belated attempt to remedy Plaintiffs' flawed expert reports should be rejected." Id. Defendants point out that the plaintiffs' request is "inexplicitly untimely" because the deadline for expert reports expired eight months before the filing of plaintiffs' letter and defendants' filed their motion to strike six months prior. Id.

Defendants argue that plaintiffs could have sought to amend their expert reports at that time.  See id.  Defendants urge the Court to reject plaintiffs' apparent explanation for the delay – "a gesture to supposedly new but totally unspecified information learned in document review and a handful of depositions undertaken since August 2, 2021[,]" – but note that plaintiffs did not "specify what new information they are referring to" and "make no attempt to explain why fact gathering was necessary for them to learn about legally impermissible expert opinions, on which the law has been clear for decades."  Id.  Defendants also note that plaintiffs failed to support the letter request with legal authority.  Id. at 2.  Defendants further argue that, "at this late stage of the proceedings, Pioneer should not be tasked with such a review of the amended reports" and "should not be forced to expend time and resources drafting a new or supplemental motion to strike."  Id.

     On April 18, 2022, Senior U.S. District Judge Scullin issued a text order stating that he "will handle the Motion to Strike and related issues raised in the [docket number]186 and [docket number] 187 submissions."  Dkt. No. 188.  On July 15, 2022, the Court denied defendants' motion to strike expert reports and preclude testimony without prejudice, concluding that the motion was premature.  See Dkt. No. 191.  Judge Scullin also referred to the undersigned the plaintiffs' letter seeking to amend their expert reports and defendants' letter in opposition, noting that, although the letter is pending "before this Court, the Magistrate Judges in this District typically handle discovery issues, including whether to grant a party leave to amend its expert reports while discovery is ongoing."  See id. at 4 n.1, 5 (citing N.D.N.Y. L.R. 72.2).

## II. Discussion

Plaintiffs' letter, to the extent it is interpreted as seeking to amend its expert reports, is denied with leave to renew. Plaintiffs' one-page letter, filed without first seeking Court conference as required by Local Rules, without proper briefing, and without red-lined proposed expert reports is improper and places too high a burden on the Court. See N.D.N.Y. L.R. 7.1; 37.1. Should plaintiffs still wish the Court to consider the amended expert reports, they must file a proper motion, supported with a memorandum of law, relevant legal authority, and accompanied by red-lined amended expert reports. It is not this Court's responsibility to comb through the original expert reports and perform a side-by-side comparison with proposed amended expert reports in attempt to identify the changes made. Should plaintiffs wish to proceed with seeking to amend their expert reports, they must file their renewed motion within twenty-one days of the filing date of this Decision & Order. Defendants will have twenty-one days from plaintiffs' filing date to file a response. A reply, if one is sought and permitted, will be due within seven days after the filing date of the response.

In sum, plaintiffs' letter motion is denied for violating Local Rules 7.1 and 37.1 and because a lack of proper briefing and redlined proposed amended expert reports places an inappropriate burden on the Court in assessing plaintiffs' request for relief.

## III. Conclusion

Wherefore, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiffs' letter motion seeking to amend expert reports, dkt. no. 186, is **DENIED with leave to renew** as set forth herein. Should plaintiffs wish to renew their request to file amended expert reports, any renewed motion must be filed within twenty-

one (21) days from the date of this Decision & Order, a response must be filed within twenty-one (21) days from the filing date of plaintiffs' motion.  If plaintiffs wish to reply, permission must first be sought and obtained from the Court.  All submissions must fully comply with this Decision & Order and the Local Rules.

    **IT IS SO ORDERED**.

Dated: February 13, 2023
      Albany, New York

Christian F. Hummel
U.S. Magistrate Judge