

**DLA Piper LLP (US)**
1251 Avenue of the Americas
New York, New York 10020-1104
**T** 212.335.4500
**F** 212.335.4501
**W** www.dlapiper.com

Robert J. Alessi
robert.alessi@us.dlapiper.com
**T** 212.335.4866  **F** 518.935.9767

April 3, 2023

**VIA ECF**

Honorable Christian F. Hummel
United States Magistrate Judge
United States District Court
Northern District of New York
James T. Foley Courthouse
445 Broadway, Suite 509
Albany, New York 12207

      Re:    *Southwestern Payroll Service, Inc., et al. v. Pioneer Bancorp Inc., et al.* –
              N.D.N.Y. Case No. 1:19-cv-1349 (FJS/CFH)

Dear Judge Hummel:

      This law firm represents defendants Pioneer Bank and Pioneer Bancorp Inc. ("Pioneer") in the referenced matter. We are writing to bring certain items to the Court's attention with respect to its March 30, 2023 Order directing Pioneer to serve its expert disclosure on or before May 1, 2023, *see* 3/30/23 Text Minute Entry, and to respectfully request clarification from the Court concerning that Order.

      During the March 30, 2023 conference before Your Honor, a question arose as to the status of Pioneer's affirmative expert disclosures that had not been the subject of meet-and-confers among the parties. On behalf of Pioneer, Ms. Saleski stated to the Court that expert disclosure deadlines previously had been suspended by the Court in light of pending motions relating to plaintiffs' expert reports, *see* 1/24/22 Text Minute Entry, and thus that Pioneer had not yet served its affirmative expert disclosures. Counsel for plaintiff Southwestern Payroll Service, Inc. ("SWP") raised the same question about the status of Pioneer's expert disclosures at a September 9, 2022 discovery conference before the Court, when there remained pending a letter motion by plaintiffs to amend their expert reports that had been referred to Your Honor. *See* Dkt. Nos. 186-88. A copy of the transcript of the September 9, 2022 conference is enclosed for the Court's reference.

      At that conference, SWP's counsel requested that the Court set "a deadline for [Pioneer] to identify experts and issue expert reports to get us closer to resolution in this case." 9/9/22 Hr'g Tr. at 12:9-10. In response, we noted plaintiffs' pending letter motion and stated our belief that



"it would be premature to set deadlines until" that motion was decided. *Id.* at 12:12-20. We further explained that, "[w]hen the Court is prepared to set deadlines, we will need time to reengage with our experts, and we would request an opportunity to confirm with the plaintiffs the proposed related deadlines to expert discovery." *Id.* at 12:20-24. Your Honor agreed, stating: "When we render a decision with respect to the pending motions regarding the expert disclosure, we will set the deadline for expert disclosure at that time to move this matter forward." *Id.* at 12:25-13:3.

In a February 13, 2023 Decision and Order, the Court denied plaintiffs' motion for leave to amend their expert reports, with leave to renew the motion on or before March 6, 2023. *See* Dkt. No. 213, 2/13/23 Decision & Order at 4-5. We surmise that the Court did not set new expert disclosure deadlines in that order because it permitted plaintiffs to renew their motion. Plaintiffs have now renewed their motion, which Pioneer has opposed. Dkt. Nos. 215, 222. A live dispute with respect to plaintiffs' expert disclosures therefore remains pending before the Court.

In addition, pending before Judge Scullin is plaintiffs' appeal of Your Honor's September 12, 2022 Memorandum Decision & Order denying most aspects of plaintiffs' motions to further amend their complaints. That Decision & Order held, among other things, that Pioneer's "alleged noncompliance with BSA, AML, or other banking regulations or statutes cannot serve as the basis for a negligence claim[,]" Dkt No. 197 at 39. Yet, two of plaintiffs' expert reports primarily focus on alleged noncompliance with BSA, AML, or other banking regulations.

In reliance on the discussion among the parties and the Court during the September 9, 2022 conference, Pioneer had not yet reengaged with its existing experts concerning the preparation of reports as of the March 30, 2023 conference and had not yet engaged at all with other potential experts, pending resolution of the existing appeals and motions before the Court.

Based on the colloquy with the Court at the March 30th conference, we understand the Court's Order to Pioneer to serve its affirmative expert disclosures by May 1, 2023 to mean that Pioneer must identify its affirmative experts by that date, but need not serve expert reports at that time. We respectfully request that the Court confirm that our understanding is correct. If so, then Pioneer proposes to serve its affirmative expert reports on or before June 30, 2023, with a deadline for rebuttal expert reports to be set after the Court decides plaintiffs' pending motion for leave to serve amended expert reports as well as plaintiffs' pending motion to further amend their complaints. The rebuttal expert report construct is taken from the Uniform Pretrial Scheduling Order dated November 3, 2020. Dkt. No. 112 at 2-3.

To the extent that the Court intended the May 1, 2023 deadline to apply to both identification of experts and service of expert reports, we respectfully request that the Court permit Pioneer to stage its expert disclosure in accordance with the schedule proposed above, especially in light of several substantial and pressing matters upon Pioneer personnel. As the Court knows well, this is a complex civil litigation that raises numerous issues that will require substantial expert involvement, especially depending on the outcome of pending motions and appeals filed by plaintiffs. (Pioneer has no pending appeals in this action.) Based upon the existing record in this action, Pioneer anticipates that it will retain no less than five testifying experts (and likely more



Hon. Christian F. Hummel, U.S.M.J.
U.S. District Court for the N.D.N.Y.
April 3, 2023
Page 3

should existing appeals and motions break certain ways) to opine on various issues relating to banking industry practices, payroll service industry practices, and both plaintiffs' and Pioneer's alleged damages. We also anticipate requiring substantial involvement of Pioneer personnel in the effort to prepare and complete Pioneer's anticipated expert disclosures and reports. At the same time, some of the same personnel are to be preparing for their depositions that this Court has ordered be completed by the end of this month. This all is simultaneous with substantially the same (and additional) Pioneer personnel being involved in new and numerous duties arising out of the current national upheaval in the banking industry. This upheaval alone has forced Pioneer to devote substantial resources and attention to regulatory and other efforts, and it is in the middle of doing so. In addition, days this week will be lost as it is a holiday week.

Given all of these factors, it would be an extreme challenge for Pioneer to prepare and finalize all of the expert reports that Pioneer believes necessary to its defense against plaintiffs' claims and its prosecution of Pioneer's counterclaims by May 1, 2023. Pioneer will, however, be prepared to identify its affirmative experts and describe the general topics on which they will be expected to testify by that date, consistent with our understanding of the Court's March 30th Order.

In light of the foregoing, Pioneer respectfully requests the following: (i) that the Court confirm that its March 30, 2023 Order requires Pioneer to identify its affirmative experts by May 1, 2023, and set June 30, 2023 as the deadline for Pioneer to serve its expert reports; or, alternatively, (ii) that the Court amend and supplement its March 30, 2023 Order to set May 1, 2023 as Pioneer's deadline to identify its affirmative experts, and June 30, 2023 as the deadline for Pioneer to serve its affirmative expert reports. Under either scenario, we respectfully propose that the Court not establish a deadline for rebuttal expert disclosure until the Court decides plaintiffs' pending appeal of Your Honor's September 12, 2022 Decision & Order and plaintiffs' pending motion for leave to amend their expert reports.

We thank the Court for its attention to this matter.

Respectfully submitted,

Robert J. Alessi

Enclosure

```
 1                    UNITED STATES DISTRICT COURT

 2                    NORTHERN DISTRICT OF NEW YORK

 3


 4   SOUTHWESTERN PAYROLL SERVICE, INC.,    )
                                            )
 5                                          )
                    Plaintiff,              ) CASE NO. 19-CV-1349
 6                                          )
        vs.                                 )
 7                                          )
     PIONEER BANCORP, INC., et al.,         )
 8                                          )
                    Defendants.             )
 9   _____)
```

**TRANSCRIPT OF PROCEEDINGS**
**BEFORE THE HON. CHRISTIAN F. HUMMEL**
**FRIDAY, SEPTEMBER 9, 2022**
**ALBANY, NEW YORK**

**FOR THE PLAINTIFF:**
  BAUM GLASS JAYNE CARWILE & PETERS PLLC
  By:   ANDREW JAYNE, ESQ.
  401 S. Boston Avenue, Suite 2000
  Tulsa, Oklahoma 74103

  COOPER ERVING LAW FIRM
  By:   MICHAEL A. KORNSTEIN, ESQ.
  39 North Pearl Street, 4th Floor
  Albany, New York 12207

**FOR THE INTERVENOR PLAINTIFF NATIONAL PAYMENT CORPORATION:**
  GREENBERG TRAURIG, LLP
  By:   CYNTHIA E. NEIDL, ESQ. and ROLAND GARCIA, ESQ.
  54 State Street, 6th Floor
  Albany, New York 12207

**FOR THE PIONEER DEFENDANTS:**
  DLA PIPER US LLP
  By:   STEVEN M. ROSATO, ESQ. and COURTNEY SALESKI, ESQ.
  1251 Avenue of the Americas
  New York, New York 10020-1104

*JACQUELINE STROFFOLINO, RPR*
*UNITED STATES DISTRICT COURT - NDNY*

**19-CV-1349 - Southwestern v. Pioneer et al.**

1               (Videoconference.)

2               THE CLERK:  Today is Friday, September 9, 2022.  It's

3   2:25 p.m.  The case is Southwestern Payroll Services, Inc.

4   versus Pioneer Bancorp, Inc., et al., docket No. 19-CV-1349.

5   Appearances for the record, please.

6               MR. JAYNE:  Andrew Jayne, Southwestern Payroll.

7               MR. KORNSTEIN:  Michael Kornstein, local counsel for

8   Southwestern Payroll.

9               MS. NEIDL:  Cynthia Neidl for National Payment

10  Corporation.

11              MR. ROSATO:  Steven Rosato with DLA Piper for Pioneer

12  Bank and Pioneer Bancorp, Inc.  With me is my colleague Courtney

13  Saleski.  We submitted papers for her full admission to this

14  court earlier this week.  I believe it might be yesterday.

15  Those are still in process, but she would like to participate

16  today.  I wanted to make sure that was okay with the Court and

17  introduce Ms. Saleski.

18              THE COURT:  I have no objection to that.  Good

19  afternoon, Ms. Saleski.  Welcome to this case.

20              MR. GARCIA:  Also Roland Garcia here for National

21  Payment Corporation, Your Honor.

22              THE COURT:  Good afternoon, Mr. Garcia.

23              I scheduled this conference because I initially

24  received a letter, which is docket No. 193 from Mr. Rosato,

25  seeking extension of time to conduct I believe two additional

**19-CV-1349 - Southwestern v. Pioneer et al.**

1   depositions in this matter, including one of Mr. Pereira.

2           And then on September 8 of 2022, Ms. Neidl filed a

3   letter on behalf of her client, which is five pages in length,

4   indicating she has some issues or opposition to that request.

5           So Ms. Neidl, if I start with you, what is your

6   position with respect to the additional deposition request?

7           MS. NEIDL:  Your Honor, the main objection that we had

8   was we couldn't agree on the number of depositions that had been

9   taken.  We don't generally object to the two depositions,

10  although we think that they should be short and they should be

11  conducted soon.

12          And we just want to make sure that depositions, this

13  is the end of the depositions essentially, that the parties have

14  taken the depositions.  Other than the one outstanding motion

15  that we have in terms of a few more depositions, that

16  depositions are concluded.

17          THE COURT:  Ms. Saleski, whom do you wish to depose in

18  addition, if anyone, to Mr. -- and I apologize if I mispronounce

19  his last name -- Mr. Pereira?

20          MS. SALESKI:  Thank you, Your Honor.  We wanted to

21  depose Mr. Schilling and Mr. Pfeiffer.

22          So I think Your Honor received two letters from my

23  colleague.  The first one was the letter on the 29th that was

24  submitted jointly where the parties had agreed that

25  Mr. Pereira's individual and 30(b)(6) deposition could be taken

Case 1:19-cv-01349-FJS-CFH   Document 226   Filed 04/03/23   Page 7 of 17

4

**19-CV-1349 - Southwestern v. Pioneer et al.**

1    out of time with the Court's permission.

2             And then the second letter was our request for
3    permission to take Mr. Schilling and Mr. Pfeiffer, which we
4    thought was contentious, but sounds like from Ms. Neidl that
5    this is not something that the plaintiffs continue to object to,
6    although maybe Mr. Jayne has a different position.

7             THE COURT:  Mr. Jayne, do you have a different
8    position?

9             MR. JAYNE:  Your Honor, we've got a motion pending to
10   take two additional depositions, I believe.  Pioneer has
11   objected every time we've asked to take depositions in excess of
12   10 depositions.  I think that these, the two additional
13   depositions would be 11 and 12 by my count.  I don't really have
14   a strong objection.  I think that to the extent that Pioneer is
15   wanting to take more than 10, we should be able to take the two
16   additional depositions that are still at issue before the Court.
17   That seems like a fair compromise to me.  That's primarily the
18   reason why I participated in the letter with Ms. Neidl.

19            The other issue is the depositions were subpoenaed
20   without consultation of schedule.  I'm in trial the weeks that
21   those two additional depositions have been scheduled.  Also I've
22   talked to those witnesses.  Those dates aren't good for them.
23   I'm happy, if Your Honor rules that everybody gets to take the
24   depositions they want in this case, I'm happy to coordinate and
25   work with DLA Piper to get those dates rescheduled.

*JACQUELINE STROFFOLINO, RPR*
*UNITED STATES DISTRICT COURT - NDNY*

**19-CV-1349 - Southwestern v. Pioneer et al.**

1    I would also ask that we do all the remaining
2    depositions in Albany in one week so that as much as I love
3    coming to see you folks, I would like to do it one more time
4    instead of four more times.
5              THE COURT:  Ms. Saleski, what's your response to all
6    that?
7              MS. SALESKI:  We will certainly work together on
8    dates.  We had indicated that the dates in the deposition
9    notices were placeholders, and we understand that everyone
10   should work together on these things, and we want to do that.
11             I have looked at what is pending in this case, Your
12   Honor.  My understanding is that there was an outstanding
13   request from Southwestern and NatPay for four depositions.
14             If I could back up for one second, we disagree on how
15   you count the depositions, but it doesn't matter.  At least so
16   far, we've taken 10, and the plaintiffs have taken 15.  So we're
17   not starting on an even playing field.
18             But the four outstanding that I see, two are Apex
19   depositions, and then two were not Apex.  One is a third party,
20   and one is Kim Catello.  So on those, Your Honor, we still
21   object to those, but I'd be interested in understanding if
22   plaintiffs have decided to forego their request on two of those
23   because there's four outstanding.
24             THE COURT:  Let me interrupt you for a second,
25   Counselor.  If Mr. Jayne were to agree to that, are you

1  agreeable to that, or does that not move the ball down the
2  field?
3              MS. SALESKI:  I'm sorry, Your Honor.  Are you asking
4  if we would agree to the deposition?
5              THE COURT:  You indicated that -- let me back up.
6  Mr. Jayne indicated earlier that there are two additional
7  depositions he wished to take.  It's my recollection and appears
8  to be yours that the motion references four depositions.
9              My question to you, Counselor, was:  If Mr. Jayne in
10 fact only seeks to depose two of those people, does that change
11 your position with respect to the pending motion?
12             MS. SALESKI:  So perhaps if the two were Kim Catello
13 and Aberash Asfaw -- excuse me for that terrible
14 pronunciation -- but the other two are Apex depositions, Tom
15 Amell and Pat Hughes.  So it would be material to understand who
16 we're talking about, if Your Honor wouldn't mind inquiring.
17             THE COURT:  That was going to be my next question to
18 Mr. Jayne.  Mr. Jayne, in answer to my question, you indicated
19 there are two additional people you wanted to take.  Did you
20 misspeak, or are you at this time seeking to dispose two of the
21 four people you previously referenced?
22             MR. JAYNE:  I did misspeak, Your Honor.  However, I
23 would be willing to resolve this by taking Tom Amell, him and
24 Mr. Hughes in exchange for them taking the additional
25 depositions that they want, if co-counsel Ms. Neidl is agreeable

**19-CV-1349 - Southwestern v. Pioneer et al.**

1 to that.

2 THE COURT: Ms. Neidl?

3 MS. NEIDL: I would agree to Tom Amell and Patrick
4 Hughes.

5 THE COURT: Mr. Rosato and Ms. Saleski, I know this is
6 an issue that maybe you're prepared to address. Maybe you're
7 not. Ms. Saleski, what's your response to that?

8 MS. SALESKI: We cannot agree to that, Your Honor.
9 These are materially different depositions.

10 THE COURT: All right. Given their position,
11 Mr. Jayne, what is your position with respect to their request
12 to take the depositions of these two additional witnesses?

13 MR. JAYNE: Your Honor, my position I guess comes down
14 to the old what's good for the goose is good to the gander. If
15 they're going to object to us taking additional depositions,
16 they shouldn't be asking to take additional depositions.

17 I think the fair thing is clearly this is a big case,
18 lots of issues. People should be able to take the depositions
19 that they need to take. We've got issues before the Court. To
20 me, the fair thing seems to be to allow us to take the
21 depositions that have currently been requested and then cut off
22 discovery because this thing has been going on for quite some
23 time.

24 THE COURT: Mr. Jayne, they're not going to agree to
25 that. They think the depositions you seek to take are

**19-CV-1349 - Southwestern v. Pioneer et al.**

1    substantially different in nature than the depositions they wish
2    to take.  They would agree to two of the depositions, which
3    apparently are the least important to you.  They contend the
4    other two people are Apex depositions and not appropriate.
5              Do you want to maintain your objection to their
6    request to take these additional depositions if they're done to
7    accommodate your trial schedule?  How do you want to proceed?
8              MR. JAYNE:  Well, I mean I guess, Your Honor, we need
9    to maintain them because I don't want to concede that we're not
10   still asking for Mr. Amell and Mr. Hughes's depositions.
11             THE COURT:  That's an issue I'll resolve in the
12   pending motion.  The question becomes:  You're not waiving your
13   position with respect to that.  I'll send you a decision with
14   respect to the pending motion.  But in an effort to keep this
15   matter moving somewhat haltingly forward, what is your position
16   regarding the additional depositions that Ms. Saleski wants to
17   do, assuming they're done in an expedited fashion and in
18   accordance with everybody's calendar?
19             MR. JAYNE:  If it's done in accordance with our
20   calendar, I guess unless co-counsel disagrees, I guess we
21   maintain our objection.
22             THE COURT:  Ms. Neidl, do you want to maintain your
23   objection, or do you want to agree to do these as long as
24   they're accommodating everybody's schedule?
25             MS. NEIDL:  I would agree to do them.  I would ask

**19-CV-1349 - Southwestern v. Pioneer et al.**

1  though that Your Honor consider two things.  One, that they
2  be -- they wouldn't go -- the reason that they're asking for
3  these two depositions is strictly to cross-examine them with
4  respect to very short affidavits.  I don't think we need seven
5  hours for that.  I'm a little concerned that there's some desire
6  to harass these witnesses who are testifying against Pioneer.
7          And two, just in terms of the discovery schedule, we
8  don't really have a deadline, and we are looking for a deadline,
9  particularly with respect to depositions.
10         THE COURT:  Ms. Saleski, any need for you to take
11  seven hours with each of these people?
12         MS. SALESKI:  No, I don't think so, but one will
13  certainly be longer than the other.  Schilling was a Cloud
14  employee, and that's a company that's at issue in this case.  So
15  it's not just about cross-examining on the declarations,
16  although the declarations were certainly the thing that put them
17  on our radar screen for this case.
18         THE COURT:  Let me ask you a question, Ms. Saleski.
19  With respect to the other two witnesses, if you agreed to limit
20  yourself to no more than three and a half hours for each of
21  them, you could do them both in one day.  Any objection to that?
22         MS. SALESKI:  I think that that would be fine.  Would
23  it be acceptable, Your Honor, if we split up the day as we saw
24  fit?  So I could imagine that we would need to take more time
25  with Schilling than we would with Mr. Pfeiffer, Mr. Schilling

*JACQUELINE STROFFOLINO, RPR*
*UNITED STATES DISTRICT COURT - NDNY*

**19-CV-1349 - Southwestern v. Pioneer et al.**

1    versus Mr. Pfeiffer.  So could we do them both in one day, but

2    split up the time as we see fit?

3                THE COURT:  I'm going to grant your application to the

4    extent you can take seven hours of testimony from Schilling and

5    Pfeiffer, and you can determine how you wish to use your time.

6                With respect to the other witness, I'll grant your

7    application.  You can have seven hours to do the other witness.

8                MS. SALESKI:  Thank you, Your Honor.

9                THE COURT:  Go ahead, Ms. Saleski.

10               MS. SALESKI:  So I'm clear, that was Mr. Pereira who

11   has been noticed both for his personal deposition.  So that

12   would be seven hours there, and then he's also appearing on

13   behalf of the company as a 30(b)(6) witness.  So there's a

14   different deposition notice for that.  We would like to have our

15   two days.  I don't think anyone has objected to that.

16               THE COURT:  Ms. Neidl, do you object to that?

17               MS. NEIDL:  I have not objected to that except to the

18   extent that they do need to be two separate depositions, and I

19   would think one would be shorter than the other.  That's how it

20   has worked in the past when this has occurred previously.  So

21   I'm not objecting though to what you've proposed.

22               THE COURT:  Mr. Jayne, sir, what does your trial

23   schedule look like?  You seem to be on trial somewhat regularly

24   when we converse.

25               MR. JAYNE:  I've got a rolling docket at the last two

*JACQUELINE STROFFOLINO, RPR*
*UNITED STATES DISTRICT COURT - NDNY*

**19-CV-1349 - Southwestern v. Pioneer et al.**

1    weeks of September.  I will either go a week from today or the
2    week after that.
3             THE COURT:  How long do you expect to roll?
4             MR. JAYNE:  It will be a probably seven- to eight-day
5    trial.  I'm open all of October except for the first week.
6             THE COURT:  So if I directed that these depositions,
7    these three depositions be in accordance with my directions by
8    October 30, is that problematic for anyone?  Ms. Neidl?
9             MS. NEIDL:  No.
10            THE COURT:  Mr. Kornstein?
11            MR. KORNSTEIN:  No.
12            THE COURT:  Mr. Rosato?
13            MR. ROSATO:  No, Your Honor.
14            THE COURT:  Attorney Saleski?
15            MS. SALESKI:  No, Your Honor.
16            THE COURT:  I'll direct that the three depositions be
17   done and that they be completed by the end of October, and I'm
18   directing that you confer immediately following this
19   conversation to schedule these depositions.  If for some reason,
20   you're unable to do so, let me know and I'll schedule them for
21   you.  I can assure you'd rather schedule themselves than have me
22   schedule them for you.
23            There's currently pending a motion with respect to
24   your respective applications to amend your complaint.  You'll
25   get the decision on that within the next two weeks.  You're

**19-CV-1349 - Southwestern v. Pioneer et al.**

1　literally on my desk.  So sooner I'm done with you folks, the

2　sooner I can begin reading this 45-page document.

3　　　　　　What else can we do for you?  Mr. Jayne, I'll start

4　with you.  Anything else you want to address today?

5　　　　　　MR. JAYNE:  Just Judge Scullin overruled their motion

6　to strike our experts.

7　　　　　　THE COURT:  I saw that.

8　　　　　　MR. JAYNE:  I thought it would be -- I think we

9　probably need a deadline for them to identify experts and issue

10　expert reports to get us closer to resolution in this case.

11　　　　　　THE COURT:  Ms. Saleski, go ahead.

12　　　　　　MS. SALESKI:  Excuse me, Your Honor.  So there's still

13　an issue with respect to what reports we're talking about, I

14　think, Your Honor, because there was a submission by plaintiffs.

15　That's docket No. 186, where they sought to amend their expert

16　reports, which we opposed in docket No. 187, and that I believe

17　was sent back to Your Honor to consider and rule upon.

18　　　　　　THE COURT:  It was.

19　　　　　　MS. SALESKI:  So we think right now, it would be

20　premature to set deadlines until that's decided.  When the Court

21　is prepared to set deadlines, we will need time to reengage with

22　our experts, and we would request an opportunity to confirm with

23　the plaintiffs the proposed related deadlines to expert

24　discovery.

25　　　　　　THE COURT:  When we render a decision with respect to

Case 1:19-cv-01349-FJS-CFH   Document 226   Filed 04/03/23   Page 16 of 17

13

**19-CV-1349 - Southwestern v. Pioneer et al.**

1   the pending motions regarding the expert disclosure, we will set
2   the deadline for expert disclosure at that time to move this
3   matter forward.
4           What else can we do for you, if anything, Ms. Neidl?
5           MS. NEIDL:  Nothing, Your Honor.  Thank you.
6           THE COURT:  Mr. Kornstein, sir?
7           MR. KORNSTEIN:  That's it, Your Honor.
8           THE COURT:  Mr. Rosato?
9           MR. ROSATO:  Nothing further, Your Honor.
10          THE COURT:  Ms. Saleski?
11          MS. SALESKI:  Nothing.  Thank you for having me, Your
12  Honor.
13          THE COURT:  You're welcome.  Welcome to the Northern
14  district, as I said.
15          You folks all have a nice weekend.  We'll be in touch
16  with a decision in the next couple weeks.  Thank you.
17                  (The matter adjourned at 2:41 p.m.)
18
19
20
21
22
23
24
25

*JACQUELINE STROFFOLINO, RPR*
*UNITED STATES DISTRICT COURT - NDNY*

14

**19-CV-1349 - Southwestern v. Pioneer et al.**

1   CERTIFICATION OF OFFICIAL REPORTER

2

3

4   I, JACQUELINE STROFFOLINO, RPR, CRR, Official Court

5   Reporter, in and for the United States District Court for the

6   Northern District of New York, do hereby certify that pursuant

7   to Section 753, Title 28, United States Code, that the foregoing

8   is a true and correct transcript of the stenographically

9   reported proceedings held in the above-entitled matter and that

10  the transcript page format is in conformance with the

11  regulations of the Judicial Conference of the United States.

12

13  Dated this 25th day of October, 2022.

14

15  **/s/ JACQUELINE STROFFOLINO**

16  JACQUELINE STROFFOLINO, RPR, CRR

17  FEDERAL OFFICIAL COURT REPORTER

18

19

20

21

22

23

24

25

*JACQUELINE STROFFOLINO, RPR*
*UNITED STATES DISTRICT COURT - NDNY*