# BGJCP | BAUM GLASS JAYNE CARWILE & PETERS

| | | |
|---|---|---|
| Jeffrey C. Baum | Andrew C. Jayne | Tara D. Zickefoose |
| John J. Carwile | Jason A. McVicker | Rachael F. Zintgraff** |
| Jason L. Glass | Stephen Q. Peters | ** of Counsel |

April 14, 2023

**VIA ECF**

Honorable Frederick J. Scullin, Jr.
Senior United States District Judge
United States District Court
Northern District of New York
James T. Foley Courthouse, Suite 509
445 Broadway
Albany, NY 12207

   Re: *Southwestern Payroll Service, Inc. v. Pioneer Bancorp, Inc. et al.*;
      Northern District of New York, Case no. 1:19-cv-1349-FJS-CFH

Dear Judge Scullin:

  I write on behalf of Plaintiff Southwestern Payroll Service, Inc. ("Plaintiff") with respect to the Court's Memorandum-Decision and Order, dated April 10, 2023, granting in part Plaintiff's motion for leave to amend its Second Amended Complaint (Doc. No. 230). In particular, Plaintiff respectfully requests reconsideration of the Court's decision precluding Plaintiff from including an unjust enrichment claim in its Third Amended Complaint. The Court ordered that:

> Southwestern Payroll may amend its SAC [Second Amended Complaint] to include causes of action for simple negligence, RICO violations, and aiding and abetting fraud and conversion, ***as well as all factual allegations that further support those and its other previously alleged claims***. However, Southwestern Payroll shall not include a cause of action for unjust enrichment in its Third Amended Complaint as Magistrate Judge Hummel did not address that claim in his Memorandum-Decision and Order, and neither Plaintiff raised it as an issue on appeal.

(Doc. No. 230 at 38 n.6) (emphasis added). The basis for the Court's decision in this regard appears to be the mistaken belief that Plaintiff had not previously asserted an unjust enrichment claim. (*See id.* at 5 ("Southwestern Payroll also sought . . . to add causes of action for . . . unjust enrichment . . . .")).

  In requesting reconsideration of this ruling, Plaintiff offers the following procedural history that demonstrates the unjust enrichment claim was previously alleged in the SAC and the failure of Pioneer to challenge Plaintiff's unjust enrichment claim. Plaintiff requests that the Court

reconsider and modify its Order to permit Plaintiff to include the unjust enrichment claim that was alleged in the SAC.

As mentioned, Plaintiff's SAC included a claim for unjust enrichment. (Doc. 72 at 19-20). Plaintiff moved to amend the SAC to, among other things, "clarify, modify, and add substance to the factual allegations that support causes of action pled in Plaintiff's [SAC.]" (Doc. 153-5 at 6). The unjust enrichment claim in the SAC was amended in the Proposed Third Amended Complaint [PTAC] to state a claim for unjust enrichment/money had and received and to include additional details in the factual allegations. (Doc. 153-2 at 94). Plaintiff's amended unjust enrichment/money had and received claim is substantially similar to that alleged by National Payment Corporation in its Amended Complaint, which the Court permitted.

In its Memorandum of Law for the Motion to Amend, Plaintiff stated:

> The new causes of action appearing in the proposed Third Amended Complaint are for RICO violations pursuant to 18 U.S.C. § 1962(c) and 1962(d), aiding and abetting conversion, and aiding and abetting fraud. Pioneer previously failed to challenge the remainder of the causes of action which were contained in Plaintiff's [SAC], except for Southwestern Payroll's fraud cause of action, which the Court ultimately let stand.

(Doc. 153-5 at 15). Thus, the unjust enrichment claim was previously alleged in the SAC, and Plaintiff's PTAC merely amended the claim to one for unjust enrichment/money had and received supported by additional factual allegations. Significantly, Pioneer did not challenge the SAC's unjust enrichment claim.

Similar to its failure to previously challenge the unjust enrichment claim in the SAC, Pioneer did not specifically challenge the unjust enrichment/money had and received claim in its opposition to Plaintiff's Motion to Amend. (*See* Doc. 160). Thereafter, Magistrate Judge Hummel's Memorandum-Decision and Order denied Plaintiff's Motion to Amend, but only addressed the unjust enrichment/money had and received claim of Intervenor-Plaintiff NatPay. (Doc. 197 at 40).

Plaintiff appealed Magistrate Hummel's Decision and incorporated by reference NatPay's arguments and authorities regarding the denial of leave to amend to add clarity, substance, and additional claims against Pioneer and the denial to further amend the SAC. (*See* Doc. 199-2 at 6). This Court accepted Plaintiff's "incorporation by reference of NatPay's arguments with respect to the additional factual allegations and causes of actions in its PTAC[.]" (Doc. 230 at 15). Though NatPay's arguments did not specifically address Plaintiff Southwestern Payroll's unjust enrichment/money had and received claim, NatPay argued the Court should allow amendment of all claims and inclusion of all additional allegations. (*See* Doc. 200-2 and 192-2 at 19).

Thus, Plaintiff did not specifically address the unjust enrichment claim in its appeal of Magistrate Judge Hummel's Memorandum-Decision and Order, other than to incorporate by

reference NatPay's arguments. However, Plaintiff's unjust enrichment claim was included in Plaintiff's SAC, which Pioneer did not challenge, nor did Pioneer specifically challenge the PTAC's inclusion of the unjust enrichment/money had and received claim.[1] In addition, Magistrate Judge Hummel did not specifically address the amendments to Plaintiff's unjust enrichment claim.

Though Plaintiff's unjust enrichment/money had and received claim was not specifically challenged by Pioneer or addressed in Magistrate Judge Hummel's Memorandum-Decision and Order, Plaintiff requests this Court allow Plaintiff to include its unjust enrichment claim as pled in its SAC in Plaintiff's Third Amended Complaint. Through inadvertence, the edits to the previous unjust enrichment claim were not clearly identified in the red-lined version of Plaintiff's PTAC, and this likely resulted in confusion regarding this claim. (*See* Doc. 153-3 at 97). Plaintiff apologizes for any resulting confusion. However, Plaintiff requests that it be permitted to include its unjust enrichment claim as alleged in the SAC in the Third Amended Complaint as the factual allegations this Court's April 10, 2023 Order allows Plaintiff to include further support Plaintiff's previously alleged claim of unjust enrichment.

Please advise if this is acceptable to the Court, and thank you in advance for your kind attention to this request.

Sincerely,

*s/ Andrew C. Jayne*
Andrew Jayne

cc: all parties of record (via ECF)

---

[1] Plaintiff's unjust enrichment claim is the same as that asserted by the plaintiff, a client of Plaintiff Southwestern Payroll, in *AXH Air-Coolers, LLC v. Pioneer Bancorp, Inc.*, 20-CV-1022, 2021 WL 5446947 (N.D.N.Y. Nov. 22, 2021). This Court denied the defendant's motion to dismiss as to the unjust enrichment claim in that case. *Id.* at *3.