

**Michael D. Zahler**
**Senior Associate**
Direct Dial: 518.433.2429
*MZahler@hodgsonruss.com*

October 11, 2023

<u>*Via ECF*</u>
Hon. Christian F. Hummel, U.S. Magistrate Judge
United States District Court for the Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Room 441
Albany, New York 12207

      Re:    **Southwestern Payroll Services, Inc. et al. v. Pioneer Bancorp Inc., et al.**
              Case No. 1:19-cv-1349 (FJS/CFH)

Dear Judge Hummel:

      This firm represents Pioneer Bancorp Inc. ("Pioneer"). Pioneer served Bank of America, N.A. ("BANA") with a subpoena containing ten document demands. Counsel have met and conferred concerning the subpoena via video conferences and telephone calls on August 21st, August 28th, and September 15th. Counsel also exchanged numerous emails between August 15th and October 3rd (comprising 26 pages), which I will make available to the Court upon request.

      Pioneer and BANA have reached impasse with respect to Document Demands Nos. 2, 4, 5, 7 and 10. I respectfully request a conference with the Court to address this impasse. Per Rule 37.1(c), this letter sets forth the nature of the dispute, lists the items of discovery sought, and provides the reasons the Court should allow each item.

      A fact relevant to each demand is that BANA collected documents related to Michael Mann's alleged check kiting scheme from 50 custodians shortly after it was discovered (the "BANA Database"). To eliminate any burden associated with collecting documents, Pioneer has agreed to limit searches for responsive documents to information contained within the existing BANA Database.

- **Document Demands No. 2, 4, and 7**

      Demand No. 2 seeks, "[d]ocuments and communications relating to Your decision to freeze one or more of the Mann Entity Accounts on or about August 29, 2019."

      Demand No. 4 seeks, "[d]ocuments and communications relating to the Mann Fraud, including but not limited to documents and communications exchanged between You and any federal, state, or local law enforcement agencies or regulatory authority."

Hon. Christian F. Hummel
October 11, 2023
Page 2



Demand No. 7 seeks "[d]ocuments and communications related to any decision by You to close any of the Mann Entity Accounts."

Documents responsive to these requests should be produced because they are relevant to rebutting Plaintiffs' allegations of negligence and gross negligence, including that any reasonable bank in Pioneer's position exercising due care would have discovered Mr. Mann's check kiting scheme earlier. Plaintiffs allege that Mr. Mann and his entities were kiting dozens of checks totaling more than $15 million on a near daily basis between Pioneer and BANA. Mr. Mann's communications with BANA between January 1, 2017 and August 19, 2019, and BANA's communications concerning Mr. Mann and the Mann entities during that time, are relevant to demonstrating: (1) that Mr. Mann was providing BANA with explanations similar to those provided to Pioneer concerning activity in his accounts, (2) that Mr. Mann's scheme was not obvious to a large sophisticated bank such as BANA, and (3) that Mr. Mann's scheme was not so obvious that any reasonable bank exercising due care would have discovered it earlier.

To resolve Demands Nos.: 2, 4, and 7, Pioneer requested that BANA search its database using the following parameters: (1) limit the search to records collected by three custodians (Scott Card, Michael Nowicki, and James Gandolfo), (2) limit the relevant time frame to January 1, 2017 through August 19, 2010, and (3) use "Mann," the names of Mr. Mann's entities, and three account numbers as search terms. BANA could then share the number of documents returned by the search, and if necessary, the parties could discuss if further modifications to the search parameters.

BANA refuses to engage in this process and will not run any search on its database for documents responsive to Document Demands No. 2, 4, and 7.

- **Document Demands No. 5**

Demand No. 5 seeks "[d]ocuments and communications relating to any investigation conducted by You between 2017 and 2019 relating to Michael Mann, any of the Mann Entities, or the Mann Entity Accounts, including but not limited to any report summarizing the conduct and results of any such investigation."

Documents responsive to Demand No. 5 should be produced because they are relevant to rebutting Plaintiffs' claim that any reasonable bank in Pioneer's position exercising due care would have discovered Mr. Mann's check kiting scheme earlier.

BANA's assertion that its investigative files are privileged in their entirety is incorrect. "Courts in this Circuit have followed the mandates of the Bank Secrecy Act and 12 C.F.R. 21.11(k)(1) by prohibiting disclosure of requested information that would disclose the existence or contents of a SAR [Suspicious Activity Report], but have otherwise permitted discovery of supporting or underlying materials. *Liu Yao-Yi v Wilmington Tr. Co.*, 14-CV-6631-EAW-MJP, 2020 WL 5248471, at *2 [WDNY Sept. 3, 2020] [citing *Fort Worth Empl. Retirement Fund v. J.P. Morgan Chase & Co.*, No. 09 Civ. 3701(JPO)(JCF), 2015 WL 1726435, *3 [S.D.N.Y. Apr. 15,

Hon. Christian F. Hummel
October 11, 2023
Page 3



2015]; *S.E.C. v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 167 [S.D.N.Y. 2014]; *Wultz v. Bank of China Limited*, 56 F.Supp.3d 598, 600 [S.D.N.Y. 2014]; *Bank of China v. St. Paul Mercury Ins. Co.*, No. 03 Civ. 9797(RWS) 2004 WL 2624673, *5 [S.D.N.Y. Nov. 18, 2004]; *USA v. Holihan*, 248 F.Supp.2d 179, 187 [W.D.N.Y. 2003]; *Weil v. Long Island Sav. Bank*, 195 F.Supp.2d 383, 389 [E.D.N.Y. 2001]). In other words, documents in the investigative file that do not reveal the contents or existence of a SAR are not privileged. (*Wultz v Bank of China Ltd.,* 56 F Supp 3d 598, 603 [SDNY 2014] [limiting invocation of the SAR prohibition to "evaluative documents, presumably generated by or for the committee involved in the final SAR decisionmaking process, that reference SAR requirements specifically as to the particular customer or transactions involved"]).

In addition, BANA refuses to provide a privilege log as required by Local Civil Rule 26.5. BANA claims that it would be too burdensome to produce a document by document privilege log; but, BANA cannot carry its burden of establishing that discovery should be curtailed based upon burdensomeness because it refuses to state the number of documents in its investigative file.

- **Document Demands No. 10**

Demand No. 10 seeks "[d]ocuments and communications exchanged between You, on the one hand, and Michael Mann or any of the Mann Entities, on the other." Pioneer has agreed to limit this request to emails in the BANA Database exchanged between January 1, 2017, and August 19, 2019, where Michael Mann is a party.

BANA acknowledges that its communications with Michael Mann are not subject to privilege. Nonetheless, it refuses to produce communications with Mr. Mann on relevancy grounds.

Documents responsive to Demand No. 10 should be produced because they are relevant to rebutting Plaintiffs' allegations of negligence and gross negligence, including that any reasonable bank exercising due care would have discovered Mr. Mann's check kiting scheme earlier.

Respectfully submitted,

/s/ Michael D. Zahler
Michael D. Zahler

MDZ
cc: All Counsel of Record (Via ECF)
Kenneth C. Rudd, Esq. (Via Email)
Aixa Maldonado-Quinones, Esq. (Via Email)

16628032v1