IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOUTHWESTERN PAYROLL SERVICE, INC. and GRANITE SOLUTIONS GROUPE, INC., <br><br>   *Plaintiff,* <br> v. <br><br>PIONEER BANCORP, INC., et al., <br>   *Defendants,* <br><br>NATIONAL PAYMENT CORPORATION, <br><br>   *Intervenor-Plaintiff,* <br> v. <br><br>PIONEER BANCORP, INC., et al., <br>   *Defendants*. | Case No. 1:19-cv-1349 (FJS/CFH) |

**OMNIBUS APPLICATION TO FILE UNDER SEAL**

Defendants Pioneer Bancorp, Inc. and Pioneer Bank (collectively, "Pioneer") respectfully submit this application to file under seal certain documents filed in support of the following motions: (i) Motion for Summary Judgment on the claims of Southwestern Payroll Service, Inc. and Granite Solutions Groupe, Inc. (Dkt. No. 341) (hereafter, "SWP/GSG MSJ"); (ii) Motion for Summary Judgment on the claims of National Payment Corp. (Dkt. No. 342) (hereafter, "NatPay MSJ"); and (iii) Motion to Dismiss Claims of National Payment Corporation for Lack of Subject-Matter Jurisdiction (Dkt. No. 340) (hereafter, the "NatPay Motion to Dismiss"). The specific docket entries for which sealing is requested are identified below.

**I. Request to File Documents Designated Confidential by National Payment Corporation and Granite Solutions Groupe, Inc.**

Some of the materials that are the subject of this sealing application have been designated as confidential by National Payment Corporation ("NatPay") or Granite Solutions Groupe, Inc.

("GSG") pursuant to this Court's Stipulated Protective Order, dated December 4, 2020 (Dkt. No. 114). In an abundance of caution, to avoid publicly filing documents that NatPay or GSG may argue should be sealed, Pioneer seeks to file the following documents under seal:

- Exhibits 1 and 3 to the declaration of Evan E. North in support of NatPay's Motion to Dismiss [Dkt. Nos. 340-3 & 340-5]
- Exhibit 21 to the declaration of Robert J. Alessi in support of the SWP/GSG MSJ and the NatPay MSJ ("Alessi Decl.") [Dkt. Nos. 341-24 & 342-24]
- Alessi Decl. Exh. 25 [Dkt. Nos. 341-28 & 342-28]
- Alessi Decl. Exh. 30 [Dkt. Nos. 341-33 & 342-33]
- Alessi Decl. Exh. 69 [Dkt. Nos. 341-72 & 342-72]
- Alessi Decl. Exh. 85 [Dkt. Nos. 341-88 & 342-88]
- Alessi Decl. Exh. 86 [Dkt. Nos. 341-89 & 342-89]
- Alessi Decl. Exh. 87 [Dkt. Nos. 341-90 & 342-90]
- Alessi Decl. Exh. 88 [Dkt. Nos. 341-91 & 342-91]
- Alessi Decl. Exh. 89 [Dkt. Nos. 341-92 & 342-92]
- Alessi Decl. Exh. 114 [Dkt. Nos. 341-117 & 342-117]

To the extent the Court believes a further showing must be made to justify sealing all or a portion of these materials, Pioneer respectfully requests that the Court order NatPay and GSG to provide such showing.

## II. Request to File Four Paragraphs of Pioneer's Local Rule 56.1 Statement and Several Accompanying Exhibits Entirely Under Seal

Local Rule 5.3 permits a party to file a document under seal by Court order. The Second Circuit has established a three-part test for determining whether to permit filing a document under seal. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). First, "a

court must . . . conclude that the documents at issue are indeed 'judicial documents,'" to which "a common law presumption of access attaches." *Id*. at 119.  Second, a court "must determine the weight of that presumption." *Id*.  Third, "the court must 'balance competing considerations against it.'"  *Id.* at 120 (citation omitted).

Here, under both the Local Rules and the *Lugosch* test, Pioneer is entitled to file the following two types of banking records under seal: (1) internal transaction reports that contain extensive personal identifiers; and (2) sensitive results of banking audits conducted by the FDIC, NYDFS, and external auditors.

### 1. Four Paragraphs and Six Documents that contain sensitive audit results conducted by the FDIC, NYDFS, and external auditors

Pioneer requests to file several paragraphs of their Local Rule 56.1 Statement and accompanying exhibits under seal because they contain sensitive audit results of Pioneer's compliance with Bank Secrecy Act requirements, conducted by the Federal Deposit Insurance Corporation ("FDIC"), the New York Department of Financial Services ("NYDFS"), and Wolf & Company, P.C. ("Wolf & Co."), an outside, independent auditor.  Good cause exists to seal these exhibits, which Pioneer designated as confidential pursuant to the Stipulated Protective Order entered in this action (ECF No. 114).

Courts should consider "the degree to which the subject matter is traditionally considered private rather than public." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). "Banking records are a highly sensitive type of financial record and so are entitled to additional consideration." *Sec. & Exch. Comm'n v. Telegram Grp*., 2020 WL 3264264, at *5 (S.D.N.Y. June 17, 2020) (citing *Strauss v. Credit Lyonnais, S.A*., 2011 WL 4736359, at *4 (E.D.N.Y. Oct. 6, 2011)). "[B]oth American courts and Congress have recognized the importance of protecting the confidentiality of banking records. The records themselves plainly contain information

'traditionally considered private rather than public.'" *Credit Lyonnais, S.A.*, 2011 WL 4736359, at *4 (quoting *Amodeo*, 71 F.3d at 1051).

Additionally, "[a] party's interest in the confidentiality of its general financial records is a countervailing factor that can outweigh the public's right of access." *Telegram Grp.*, 2020 WL 3264264, at *5 (quoting, *Amodeo*, 71 F.3d at 1051). Court documents also may be sealed on grounds that a party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access." *Std. Inv. Chtd., Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (citation omitted) (affirming district court's sealing).

Critically, "[o]ne . . . 'higher value'" that permits filing under seal "is the need to safeguard information protected from disclosure by law." *Leonard v. John Hancock Life Ins. Co. of N.Y.*, 2020 WL 1547486, at *1 (S.D.N.Y. Mar. 31, 2020) (citation omitted). As relevant here, the FDIC prohibits the disclosure of its reports of examination. 12 C.F.R. § 350.9. Similarly, NYDFS prohibits the disclosure of its reports of examination. 3 N.Y.C.R.R. § 7.2.

For these reasons, Pioneer respectfully requests that the Court grant its application to file the following paragraphs of the Local Rule 56.1 Statement and accompanying exhibits under seal:

- Paragraphs 64, 66, 67, and 68 of the Local Rule 56.1 Statement, which include quotations from Reports of Examination prepared by the FDIC and the NYDFS, which Pioneer, as a regulated banking institution, is obligated to maintain as confidential in accordance with the requirements set forth by the FDIC and NYDFS [Dkt. Nos. 341-2 & 342-2]

- Alessi Decl. Exh. 32 (Report of Examination prepared by FDIC, dated April 28, 2015, as produced in this action and bearing Bates number PB-SWP-00402169-184) [Dkt. Nos. 341-35 & 342-35]

- Alessi Decl. Exh. 33 (Report of Examination prepared by NYDFS, dated June 2, 2016, as produced in this action and bearing Bates number PB-SWP-00428485-498) [Dkt. Nos. 341-36 & 342-36]

- Alessi Decl. Exh. 34 (Report of Examination prepared by FDIC, dated March 27, 2017, as produced in this action and bearing Bates number PB-SWP-00402185-220) [Dkt. Nos. 341-37 & 342-37]

- Alessi Decl. Exh. 35 (Report of Examination prepared by NYDFS, dated September 12, 2018, as produced in this action and bearing Bates number PB-SWP-00428499-517) [Dkt. Nos. 341-38 & 342-38]

- Alessi Decl. Exh. 36 (audit results of Wolf & Co., of Pioneer's BSA practices, dated August 23, 2017, as produced in this action and bearing Bates number PB-SWP-00411912-930) [Dkt. Nos. 341-39 & 342-39]

- Alessi Decl. Exh. 37 (audit results of Wolf & Co., of Pioneer's BSA practices, dated April 27, 2018, as produced in this action and bearing Bates number PB-SWP-00411931-942) [Dkt. Nos. 341-40 & 342-40]

- Alessi Decl. Exh. 38 (audit results of Wolf & Co., of Pioneer's BSA practices, dated April 3, 2019, as produced in this action and bearing Bates number PB-SWP-00411948-957) [Dkt. Nos. 341-41 & 342-41]

**2. Banking records where personal identifiers are pervasive throughout the documents**

Pursuant to Local Rule 5.2(a), "parties shall refrain from including, or shall redact where inclusion is necessary, the following personal identifiers from all filings with the Court, including exhibits thereto, whether filed electronically or in paper form." Such information includes "taxpayer identification numbers," "[f]inancial account numbers," and "individual financial information."

Here, Pioneer requests to file the following internal banking reports entirely under seal because, in addition to being private banking records, the type of sensitive individual financial information described in Local Rule 5.2 is pervasive throughout the documents:

- Alessi Decl. Exh. 97 (Unposted Item Repair Decision Report (UIR), dated September 3, 2019, as produced in this action and bearing Bates number PB-SWP-00403089) [Dkt. Nos. 341-100 & 342-100]

- Alessi Decl. Exh. 98 (Unposted Items Aging Report, dated September 3, 2019, as produced in this action and bearing Bates number PB-SWP-00403057) [Dkt. Nos. 341-101 & 342-101]

- Alessi Decl. Exh. 100 (Pioneer Bank Transaction Processing document, with a processing date of August 30, 2019, as produced in this action and bearing Bates number PB-SWP-00408493) [Dkt. Nos. 341-103 & 342-103]

- Alessi Decl. Exh. 101 (Demand Deposits Report, dated August 30, 2019, as produced in this action and bearing Bates number PB-SWP-00333705-708.) [Dkt. Nos. 341-104 & 342-104]

- Alessi Decl. Exh. 102 (Unposted Item Report, dated August 30, 2019, as produced in this action and bearing Bates number PB-SWP-00403611) [Dkt. Nos. 341-105 & 342-105]

- Alessi Decl. Exh. 103 (Unposted Item Repair Positional Report, dated August 30, 2019, as produced in this action and bearing Bates number PB-SWP-00402737) [Dkt. Nos. 341-106 & 342-106]

- Alessi Decl. Exh. 104 (Unposted Item Repair General Ledger Account Report dated September 12, 2019, as produced in this action and bearing Bates number PB-SWP-00408925) [Dkt. Nos. 341-107 & 342-107]

- Alessi Decl. Exh. 105 (Unposted Item Repair Decision Report, dated September 4, 2019, as produced in this action and bearing Bates number PB-SWP-00403390) [Dkt. Nos. 341-108 & 342-108]

Dated: June 3, 2024
New York, New York

DLA PIPER LLP (US)

By: */s/ Robert J. Alessi*
Robert J. Alessi (NDNY Bar Roll No. 101019)
Steven M. Rosato (NDNY Bar Roll No. 703375)
1251 Avenue of the Americas
New York, New York 10020
Tel.: (212) 335-4500
Fax: (212) 335-4501
robert.alessi@us.dlapiper.com
steven.rosato@us.dlapiper.com

Courtney G. Saleski (NDNY Bar Roll No. 703877)
Evan E. North (NDNY Bar Roll No. 704414)
1650 Market Street, Suite 5000
Philadelphia, Pennsylvania 19103
Tel.: (215) 656-3300
Fax: (215) 656-3301
courtney.saleski@us.dlapiper.com
evan.north@us.dlapiper.com

*Attorneys for Defendants*
*Pioneer Bancorp, Inc. and Pioneer Bank*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on all parties in this action/known counsel of record via the CM/ECF system on this 3rd day of June, 2024.

*/s/ Robert J. Alessi*
Robert J. Alessi (NDNY Bar Roll No. 101019)