

**DLA Piper LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

Robert J. Alessi
robert.alessi@us.dlapiper.com
T 212.335.4866

June 20, 2024

**VIA ECF**

Honorable Frederick J. Scullin, Jr.
Senior United States District Judge
United States District Court
Northern District of New York
James M. Hanley Federal Building & U.S. Courthouse
P.O. Box 7255
Syracuse, New York 13261-7255

Re: *Southwestern Payroll Service, Inc., et al. v. Pioneer Bancorp, Inc., et al.* –
N.D.N.Y. Case No. 1:19-cv-1349 (FJS/CFH)

Dear Judge Scullin:

We represent Pioneer Bank and Pioneer Bancorp, Inc. (collectively, "Pioneer") in the above referenced matter. We are writing in response to plaintiffs' June 17, 2024 letter requesting that the Court "strike" Pioneer's motions to dismiss plaintiffs' claims for lack of subject-matter jurisdiction pursuant to Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure ("FRCP"). Dkt. Nos. 340, 352, 353. Plaintiffs' request should be denied, and the Court should maintain its existing June 4, 2024 text order requiring any opposition to the motions to dismiss to be filed on or before July 30, 2024, and any reply in further support of the motions to be filed on or before August 28, 2024.

Pioneer properly filed in all respects its motions to dismiss plaintiffs' claims for lack of subject-matter jurisdiction in accordance with Rules 12(b)(1) and 12(h)(3) of the FRCP and the Court's May 13, 2024 text order concerning briefing on the separate summary judgment motions. Dkt. No. 337. Pioneer's motions to dismiss appropriately demonstrate plaintiffs' lack of standing to pursue the extraordinary relief they seek in this action—a threshold issue that this Court respectfully should address "*whenever* it appears from the pleadings or otherwise that jurisdiction is lacking." *E.g.*, *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 63 (2d Cir. 2009) (quoting *John Birch Soc'y v. Nat'l Broad. Co.*, 377 F.2d 194, 199 (2d Cir. 1967)) (emphasis in original); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines ***at any time*** that it lacks subject-matter jurisdiction, the court must dismiss the action.") (emphasis added). Challenges to a plaintiff's constitutional standing go to the Court's subject-matter jurisdiction and are properly brought under Rules 12(b)(1) and 12(h)(3). *See, e.g.*, *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If plaintiffs lack Article III standing, a court has no subject matter jurisdiction to hear their claim.").






Plaintiffs cite no legal support for their request to strike. Plaintiffs instead deflect from that absence of legal support and accuse Pioneer of attempting to "evade" the Court's page limitations on the separate, merits-based summary judgment motions that are governed by entirely different rules and standards of review. Plaintiffs' accusations are false, their understanding of the law is mistaken, and they should not be allowed to invent reasons to avoid the threshold subject-matter jurisdiction question posited by motions made in full accordance with applicable law.

"A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *E.g.*, *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Under Second Circuit precedent, a motion to dismiss an action for lack of subject-matter jurisdiction "*cannot* be converted into a Rule 56 motion" for summary judgment, *Kamen v. Am. Tel & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986) (emphasis added), where—in contrast to a subject-matter jurisdiction motion—the initial burden rests with the movant to establish "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The reason for that is straightforward: A motion for summary judgment seeks a ruling on the merits, but when a court does not have subject-matter jurisdiction over the plaintiff's claims, it does "not have the power to reach the merits" and must dismiss the claims. *E.g.*, *Humphrey v. Syracuse Police Dep't*, 758 F. App'x 205, 206 (2d Cir. 2019); *see Katz v. Donna Karan Co.*, 872 F.3d 114, 121 (2d Cir. 2017) (affirming dismissal of claims for lack of standing).

Given this precedent and contrary to plaintiffs' contentions, Pioneer filed separate, non-merits motions to dismiss plaintiffs' claims for lack of constitutional standing for quite legitimate and compelling reasons. Pls. Letter at 1. There was no effort or intent on the part of Pioneer to circumvent the 30-page limit on its merits-based summary judgment motions, a limit with which Pioneer complied. To the contrary, Pioneer's goal in separating jurisdictional issues (which focuses on the parties) from merits issues (which focuses on the issues) was for the benefit of adjudicatory, including record, clarity, since the Court "*must* address jurisdictional questions before reaching the merits." *Holt v. Town of Stonington*, 765 F.3d 127, 130 (2d Cir. 2014) (quoting *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996)) (emphasis added). Briefing threshold issues of subject-matter jurisdiction separately is logical and in full accord with the FRCP and decisional law.

The cases that plaintiffs cite in support of their contention that arguments regarding their lack of standing "should have been made" in Pioneer's summary judgment motions say no such thing. Pls. Letter at 2. Indeed, those cases compel the opposite conclusion proffered by plaintiffs. In *Carter v. HealthPort Technologies, LLC*, 822 F.3d 47, 56 (2d Cir. 2016), the Second Circuit was referring to the "increase[d]" "showing" that a ***plaintiff*** must make "in order to withstand a dismissal for lack of standing" at later stages of a litigation. In other words, courts are *less* forgiving of potential defects in a plaintiff's standing, and will scrutinize that issue more closely, as a case progresses. This Court's decision in *Fitzgibbons v. City of Oswego*, 2011 WL 6218208, at *5 (N.D.N.Y. Dec. 13, 2011), is similarly inapposite, as the Court was considering a pre-answer, pre-discovery motion to dismiss for lack of subject-matter jurisdiction and viewed questions about






the plaintiff's lack of standing as prematurely raised. Accordingly, plaintiffs' cited cases justify Pioneer's decision not to move to dismiss for lack of standing at an earlier stage of this case, when it would not have had the benefit of a full discovery record, which plaintiffs must now face.

Plaintiffs' raising of certain purported overlapping between Pioneer's summary judgment motions with their subject-matter jurisdiction motions is a red herring and irrelevant. Pls. Letter at 2. Plaintiffs cite no authority in support of those contentions, and as discussed above, the Second Circuit disagrees. *Kamen*, 791 F.2d at 1011. Again, challenges to a plaintiff's constitutional standing go to the Court's subject-matter jurisdiction and are properly brought under Rule 12(h)(3), not Rule 56. *See, e.g.*, *Canadian St. Regis Band of Mohawk Indians v. New York*, 388 F. Supp. 2d 25, 29 (N.D.N.Y. 2005). That some subset of legal arguments might supply a basis both for dismissal for lack of standing and for summary judgment on certain claims does not alter the result, since the focus on a standing inquiry is "on the party seeking to get his complaint before a federal court and not on the issues he wishes to have adjudicated." *Flast v. Cohen*, 392 U.S. 83, 99 (1968). The parties are plainly the focus of Pioneer's motions to dismiss, which show that plaintiffs cannot satisfy either the injury-in-fact or redressability requirements of constitutional standing and, consequently, that the Court lacks subject-matter jurisdiction over the issues and claims that plaintiffs ask this Court to adjudicate. *See generally* Dkt. No. 340-1; Dkt. No. 352-1.

Plaintiffs argue another irrelevancy and in doing so also misstate the record in an attempt to claim that the filing of the motions to dismiss is somehow "prejudicial" to them. Pls. Letter at 2. Plaintiffs recount wrongly pre-motion discussions with Pioneer's counsel concerning motions Pioneer might have been contemplating. In those discussions the parties only ever discussed whether they intended to file separate motions to preclude expert testimony under Federal Rule of Evidence 702—they did not discuss or rule out any other potential motions, and even as to such motions to preclude expert testimony, neither plaintiffs nor Pioneer definitively indicated that they would file no such motion. No matter the topics of those discussions, though, Pioneer was not under any obligation to discuss what FRCP-permissible, non-summary judgment motions it might have been contemplating at that time, and plaintiffs can cite to no such obligation. Additionally, the FRCP expressly permits questions about the Court's subject-matter jurisdiction to be raised "at any time." Fed. R. Civ. P. 12(h)(3). Plaintiffs' claim of "prejudice" resulting from the filing of motions concerning threshold issues that this Court respectfully has an "obligation" to consider, and that Pioneer has no duty to preview, has no basis. *Dupont*, 565 F.3d at 63.

Finally, the Court should deny plaintiffs' alternative request to adjourn the briefing schedule on the non-merits standing motions until *after* briefing on the merits-based summary judgment motions. The Court issued a text order on June 4, 2024 that appears to have implicitly rejected that concept. *See* 6/4/24 Text Order Resetting Deadlines. In that order, the court already granted to National Payment Corporation a 36-day extension of its time to respond to Pioneer's motion to dismiss, presumably so that briefing of that motion will proceed on a parallel track with briefing on the summary judgment motions. *Id.* Pioneer would not object to a similar construct for the briefing of Pioneer's separate motion to dismiss certain claims of Southwestern Payroll Service, Inc. and Granite Solutions Groupe, Inc. (Dkt. No. 352), with any opposition due





July 30, 2024, and any reply due August 28, 2024, consistent with the summary judgment briefing schedule. But there is no basis to postpone briefing on threshold jurisdictional issues until after summary judgment briefing is complete because, as noted above, courts address jurisdictional questions before reaching the merits. *Holt*, 765 F.3d at 130. Given that order of adjudication, it would be incongruous for briefing on jurisdictional issues to lag behind summary judgment briefing.

In light of the foregoing, plaintiffs' request to strike Pioneer's motions to dismiss should be denied, as should their alternative request to extend the briefing schedule on those motions past briefing on the motions for summary judgment. We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Robert J. Alessi*

Robert J. Alessi