UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SOUTHWESTERN PAYROLL SERVICE, INC.
and GRANITE SOLUTIONS GROUPE, INC.,

                                  Plaintiffs

NATIONAL PAYMENT CORPORATION,

                                  Intervenor Plaintiff

                                  v.                                1:19-CV-1349
                                                                   (FJS/PJE)

PIONEER BANCORP, INC.; and PIONEER BANK,

                                  Defendants.[1]
_____

**APPEARANCES**                                              **OF COUNSEL**[2]

**COOPER ERVING & SAVAGE LLP**           **MICHAEL A. KORNSTEIN, ESQ.**
39 North Pearl Street, 4th Floor
Albany, New York 12207
Attorneys for Plaintiffs Southwestern
Payroll Service, Inc. and Granite Solutions
Groupe, Inc.

---

[1] In addition to Defendants Pioneer Bancorp, Inc. and Pioneer Bank, who have appeared in this action, Plaintiffs and Intervenor Plaintiff also brought this action against Defendants Michael T. Mann; ValueWise Corporation, doing business as Optix Consulting doing business as Primary Search Group; MyPayRollHr.Com, LLC; Cloud Payroll, LLC; Ross Personnel Consultants, Inc.; Always Live Holdings, LLC; Kaningo, LLC; Hire Flux, LLC; Hire Flux Holdings, LLC; Viverant LLC; and Heutmaker Business Advisors, LLC.  None of these Defendants have appeared in this action.

[2] The Court notes that it appears that the addresses of some of the attorneys appearing in this case have changed since the time that they filed their notices of appearance.  Counsel is reminded that, under Local Rule 83.1(d), "[e]very attorney must update the information contained in their bar record within 14 days of a change.  Attorneys shall update their information in PACER (https://pacer.uscourts.gov). . . . **Failure to keep this information current will result in removal from the roll of the Court.**"  N.D.N.Y. L.R. 83.1(d) (emphasis added).

| | |
|---|---|
| **JAYNE PETERS MCVICKER BURKE ASKEW & PARKER** <br> 401 South Boston Avenue - Suite 2000 <br> Tulsa, Oklahoma 74103 <br> Attorneys for Plaintiffs Southwestern Payroll Service, Inc. and Granite Solutions Groupe, Inc. | **ANDREW JAYNE, ESQ.** |
| **WALTER D. HASKINS, P.C.** <br> 311 East 11th Street <br> Tulsa, Oklahoma 74120 <br> Attorneys for Plaintiffs Southwestern Payroll Service, Inc. and Granite Solutions Groupe, Inc. | **WALTER D. HASKINS, ESQ.** |
| **GREENBERG TRAURIG, LLP** <br> 54 State Street, 6th Floor <br> Albany, New York 12207 <br>          - and - <br> 1000 Louisiana Street, Suite 6700 <br> Houston, Texas 77002 <br> Attorneys for Intervenor-Plaintiff National Payment Corporation | **CYNTHIA E. NEIDL, ESQ.** <br> **JENNIFER TOMSEN, ESQ.** <br> **JULIE A. YEDOWITZ, ESQ.** <br> **ROLAND GARCIA, ESQ.** |
| **DLA PIPER LLP (US)** <br> 1251 Avenue of the Americas <br> Suite 27th Floor <br> New York, New York 10020 <br>          - and - <br> 1650 Market Street - Suite 5000 <br> Philadelphia, Pennsylvania 19103 <br> Attorneys for Defendants Pioneer Bancorp, Inc. and Pioneer Bank | **ROBERT J. ALESSI, ESQ.** <br> **COURTNEY G. SALESKI, ESQ.** <br> **M. DAVID JOSEFOVITS, ESQ.** <br> **STEVEN M. ROSATO, ESQ.** |
| **HODGSON RUSS LLP** <br> 677 Broadway - Suite 401 <br> Albany, New York 12207 <br> Attorneys for Defendants Pioneer Bancorp, Inc. and Pioneer Bank | **MICHAEL D. ZAHLER, ESQ.** |

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

Pending before the Court is Defendants Pioneer Bancorp, Inc. and Pioneer Bank's (hereinafter collectively "Defendant Pioneer Bank") motion for partial reconsideration of the Court's August 25, 2025 Memorandum-Decision and Order and clarification of that same Memorandum-Decision and Order. *See* Dkt. No. 394. Specifically, Defendant Pioneer Bank seeks reconsideration of the Court's denial of its motion for summary judgment with regard to Plaintiff Southwestern Payroll Service, Inc.'s, Plaintiff Granite Solutions Groupe, Inc.'s and Intervenor -Plaintiff National Payment Corporation's (collectively "Plaintiffs") common law conversion, aiding and abetting conversion, negligence, unjust enrichment, and declaratory judgment claims against Defendant Pioneer Bank. *See* Dkt. No. 394, Notice of Motion, at 1-2.[3]

Plaintiffs and Intervenor-Plaintiff jointly oppose Defendant Pioneer Bank's motion. *See* Dkt. No. 396.

**II. DISCUSSION[4]**

**A.   Relevant Legal Standard**

"A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it

---

[3] Defendant Pioneer Bank notes that it is "not seek[ing] reconsideration of this Court's denial of summary judgment on Plaintiffs' fraud and RICO claims." *See* Dkt. No. 394-1, Memorandum of Law, at 6 n.1. The Court has scheduled the trial of this action to commence on August 17, 2026. *See* Dkt. No. 397, Final Pretrial Scheduling Order.

[4] The Court assumes the parties' familiarity with the facts that form the basis of this case as well as the Court's findings and conclusions of law as set forth in its August 25, 2025 Memorandum-Decision and Order and, therefore, will not repeat them here.

becomes necessary to remedy a clear error of law or to prevent manifest injustice." *Uvino v. Wyant*, No. 9:24-CV-1460 (GTS/PJE), 2025 WL 3214461, *2 (N.D.N.Y. Nov. 18, 2025) (Suddaby, S.D.J.) (citing *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983))). Furthermore, "[a] motion for reconsideration is not to be used for 'presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a "second bite at the apple."'" *Id.* (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). "In general, motions for reconsideration are not granted unless 'the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Id.* (quoting *Shrader*, 70 F.3d at 257). "The standard for granting a motion for reconsideration is strict." *Id.* (citing *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Thus, "[a] motion for reconsideration 'should not be granted where the moving party seeks solely to relitigate an issue already decided.'" *Id.* (quoting [*Shrader*, 70 F.3d at 257]).

**B.    Defendant Pioneer Bank's arguments**

In support of its motion for reconsideration, Defendant Pioneer Bank asserts that, although the Court "correctly identified the key points as to why Plaintiffs' non-fraud common law and declaratory judgment claims cannot survive summary judgment" and "also correctly concluded that 'the burden is on Plaintiffs to rebut the presumption that the deposits were general accounts,' by showing a genuine issue of fact 'regarding the intent' of Pioneer Bank and Michael Mann when creating, and depositing funds into, the MPHR and Cloud Accounts," it then "diverged from the Second Circuit's controlling opinion in *Peoples Westchester [Sav. Bank v.*

*FDIC*, 961 F.2d 327 (2d Cir. 1992)]" and "made three clear errors."  *See* Dkt. No. 394-1, Memorandum of Law, at 5.[5]

Specifically, Defendant Pioneer Bank contends that the Court erred when it "misidentified the 'main issue of material fact' as whether Pioneer Bank 'knew, or should have known' the subject funds in the MPHR and Cloud Accounts were collected for payroll purposes." *See id.* at 5 (citing [Court's MDO] at 13).  Defendant Pioneer Bank explains that this conclusion is incorrect "because the 'main issue' is whether Pioneer Bank and Mann 'explicitly provided' that the funds in the PHR and Cloud Accounts should be segregated." *See id.* at 5-6 (citing *Peoples Westchester*, 961 F.2d at 331).  Moreover, Defendant Pioneer Bank asserts that "the Second Circuit in *Peoples Westchester* already held that a bank's knowledge of the funds' source is irrelevant."  *See id.* at 6 (citation omitted).

Second, Defendant Pioneer Bank argues that the Court's "[d]ecision seems to erroneously suggest that the status of the MPHR and Cloud Accounts depends on the intent of the 'parties,' a term appearing to sweep in Plaintiffs' intent." *See id.* (citing [Court's MDO] at 13-14; *see also* [Court's MDO] *passim* (using "parties" to refer to Plaintiffs).  Defendant Pioneer contends that this is incorrect "because the only relevant intent is that of Pioneer Bank[] and Michael Mann[], the account holder who deposited the funds, not third parties such as Plaintiffs which are undisputedly not the account holders." *See id.* (citing *Peoples Westchester*, 961 F.2d at 330-31).

Third, Defendant Pioneer Bank contends that, "adding to these clear errors, the [Court's] [d]ecision held that a jury could find the MPHR and Cloud Accounts were special deposit accounts." *See id.* at 6.  Defendant Pioneer Bank argues that "[t]his, too, is incorrect because

---

[5] References to page numbers of documents in the record are to the page numbers that the Court's Electronic Case Filing System generates and are found in the upper right hand corner of those pages.

there is no evidence that Pioneer Bank and Mann explicitly agreed to segregate deposited funds. And the [Court's] [d]ecision overlooks the undisputed evidence that shows no such explicit agreement existed." *See id.*

In sum, Defendant Pioneer asserts that, "[b]ecause of these clear errors, the [Court's] [d]ecision denied Pioneer Bank's motion for summary judgment on Plaintiff's non-fraud common law and declaratory judgment claims . . . [and] [t]his Court should reconsider [its] [d]ecision, hold that the MPHR and Cloud Accounts were general deposits, and grant summary judgment to Pioneer Bank on Plaintiffs' conversion, aiding and abetting conversion, negligence, unjust enrichment, and declaratory judgment claims." *See id.* (footnote omitted).

### C. Plaintiffs and Intervenor-Plaintiff's (collectively "Plaintiffs") arguments

First, Plaintiffs argue that Defendant Pioneer Bank "manufactures an issue when it accuses the Court of misapplying the Second Circuit's decision in *Peoples Westchester Savings Bank v. FDIC*, 961 F.2d 327 (2d Cir. 1992)." *See* Dkt. No. 396, Memorandum of Law, at 5. Plaintiffs assert that, to support this argument, Defendant Pioneer Bank "seizes on a single sentence of the Court's Decision that had no impact on the Court's analysis or conclusion . . . [and] even acknowledges that the Court's analysis is correct[] and identifies no basis for a different conclusion." *See id.*

Second, Plaintiffs contend that Defendant Pioneer Bank "objects to the Court's use of the term 'parties' when referencing the bank accounts held by two legitimate payroll companies from which Pioneer looted more than $15 million undisputably consisting of third-party payroll tax funds." *See id.* Plaintiffs argue that Defendant Pioneer Bank "accuses the Court of a clear error of law based solely on Pioneer[ Bank's] irrational, unsupported interpretation of the term

'parties.'" *See id.* Plaintiffs contend that, in this regard, Defendant Pioneer Bank "fails to explain how the Court's use of the term 'parties' led to any error in the Court's analysis or decision." *See id* at 5-6.

Third, Plaintiffs argue that, "in a transparent attempt to obtain a second bite of the apple, [Defendant] Pioneer [Bank] insists that it met its burden on summary judgment based on a selective recitation of the evidence." *See id.* at 6. In this regard, Plaintiffs assert that Defendant Pioneer Bank "identifies no evidence overlooked by the Court, and the [Court's] [d]ecision makes abundantly clear that the Court carefully considered the evidence submitted by the parties." *See id.*

**D.**     **Analysis**

On page 13 of its Memorandum-Decision and Order, the Court states as follows:

> although the burden is on Plaintiffs to rebut the presumption that the deposits were general accounts, unlike the situation in *Peoples Westchester*, the facts of this case are highly contested, and Defendant Mann's banking relationship with Defendant Pioneer, given Defendant Mann's conduct, was highly abnormal. Thus, at this stage of the litigation, Plaintiffs must merely establish that a triable issue of fact regarding the **intent of the parties when creating the subject accounts and depositing the subject funds into those accounts.** The Court finds that Plaintiffs have, undeniably, carried that burden.

*See* Dkt. No. 393 at 13 (emphasis added).

Defendant Pioneer Bank takes the phrase "intent of the parties" in this passage entirely out of context to argue that the "parties" to whom the Court is referring in this paragraph could be construed to include Southwestern Payroll Service Inc., Granite Solutions Groupe, Inc. and Intervenor Plaintiff National Payment Corporation. Such a construction would be non-sensical

given the context of this paragraph.  Therefore, to the extent that Defendant Pioneer Bank's motion for partial reconsideration is based on this argument, the Court denies the motion.

Defendant Pioneer Bank also argues that the Court misapplied or misconstrued the Second Circuit's decision in *Peoples Westchester Sav. Bank v. Fed. Deposit Ins. Corp.*, 961 F.2d 327 (2d Cir. 1992), also fails.

In its Memorandum-Decision and Order, the Court, noted that """[a]s a common rule, bank deposits can be classified as either general or special"""  *See* Dkt. No. 393 at 13 (quoting *Peoples Westchester Sav. v. Fed. Deposit Ins. Corp.*, 961 F.2d 327, 330 (2d Cir. 1992) (citing 1 Natter, Schlichting, Rice & Cooper, *Banking Law* § 9.06 (1992)); *see id.* ('"Whether a deposit in a bank is general or special depends upon the mutual understanding and intention of the parties at the time such deposit is made, and a deposit made in the ordinary course of business in presumed to be general, and the burden of proof is on the depositor to overcome such presumption by proving the deposit was made upon such terms and conditions as constituted a special deposit, or a deposit for a specific purpose, as distinguished from a general deposit.'"  (quoting *Keyes v. Paducah & I.R. Co.*, 61 F.2d 611, 613 (6th Cir. 1932)); *see also In re Kountze Bros.*, 103 F.2d 785, 789 (2d Cir. 1939); *Swan v. Children's Home Society*, 67 F.2d 84, 86-87 (4th Cir. 1933)).

The Court also explained that, in this case, the burden was "on Plaintiffs to rebut the presumption that the deposits were general accounts[.]"  *See id.* at 13.  Nonetheless, it distinguished this case from *Peoples Westchester Sav. Bank* because, "unlike the situation in [that case], the facts of this case are highly contested, and Defendant Mann's banking relationship with Defendant Pioneer, given Defendant Mann's conduct, was highly abnormal."  *See id.*  Therefore, the Court concluded that, "at this stage of the litigation, Plaintiffs must merely establish that there is a triable issue of fact regarding the **intent of the parties when creating the subject**

**accounts and depositing the subject funds into those accounts.**" *See id.* (emphasis added). The Court found that Plaintiffs had carried that burden. *See id.*

The Court also determined that "[t]he main issue of material fact, that a jury and not this Court must answer, is whether, at the time that the subject accounts were created, and the subject funds were deposited in them, Defendant Pioneer knew, or should have known, that the funds were general deposits." *See id.* at 14. The Court explained this conclusion by noting that "[t]here remain numerous issues of fact, mainly regarding **the parties' intent in creating and depositing the funds**, that a jury must resolve in order to determine whether the accounts were general accounts." *See id.* (emphasis added).

In support of its motion for reconsideration, Defendant Pioneer Bank has relied on certain statements that the Court made in its Memorandum-Decision and Order to the exclusion of others; and, thus, its arguments in support of its motion for reconsideration misconstrue this Court's ultimate conclusion. Defendant Pioneer Bank is correct that it is the intent of Defendant Pioneer Bank and Defendant Mann at the time that the accounts were created and funds deposited in those accounts that ultimately determines whether the accounts in question are general or special accounts. That "intent," however, can only be discerned, at least in part, by determining what those parties knew at the time that the accounts were created and the funds were deposited in those accounts.

In *Peoples Westchester Sav. Bank*, the Second Circuit began its analysis by noting that "[t]he facts are not in dispute." 961 F.2d at 329. The relevant undisputed facts, to which the Court was referring when it stated that this case could be distinguished from *Peoples Westchester Sav. Bank*, were that, at the time that the attorney opened the client custodial account with the bank, such account was designated as an "interest on lawyer account" or an "IOLA," which, is

defined as "'an **unsegregated** interest-bearing deposit account . . ."  *Id.* (emphasis added).  Thus, unlike the situation in the present case, there was **no** dispute that the attorney and the bank both understood, *i.e.*, had knowledge of the fact, that at the time that the attorney opened the IOLA account, it was intended to be an **unsegregated interest-bearing account.**

To the contrary, in this case, the parties vigorously dispute the knowledge and intent of Defendant Pioneer Bank and Defendant Mann regarding the nature of these accounts, *i.e.* whether the accounts were to be segregated accounts as Plaintiffs argue or general unsegregated accounts as Defendant Pioneer Bank argues.  If, as Defendant Pioneer Bank contends, the parties intended the accounts in question to be unsegregated accounts, this would certainly be some evidence that these accounts were general accounts.  If, however, as Plaintiffs contend, Defendant Pioneer Bank and Defendant Mann intended these accounts to be segregated accounts, this would certainly be some evidence that these accounts were special accounts.  Furthermore, as numerous courts, including the Second Circuit, have noted, "[i]n order for the parties' intent to become an issue of fact barring summary judgment, there must also exist relevant extrinsic evidence of the parties' actual intent."  *Mellon Bank, N.A. v. United Bank Corp. of New York*, 31 F.3d 113, 116 (2d Cir. 1994) (citations omitted).  Although Defendant Pioneer Bank argues that the undisputed evidence shows that there was no explicit agreement to segregate deposited funds, even a cursory review of the parties' Statements of Material Facts and responses thereto, *see* Dkt. Nos. 341-2, 362-1, 379-1, demonstrates that the intent of Defendant Pioneer Bank and Defendant Mann at the time the accounts in question were opened and the funds deposited in those accounts is hotly disputed.  Furthermore, both Plaintiffs and Defendant Pioneer Bank have relied on extrinsic evidence to support their positions with respect to the

intent of Defendant Pioneer Bank and Defendant Mann at the time that the accounts in question were opened and the funds deposited in those accounts. *See id*.

Therefore, the Court concludes, as it did in its August 25, 2025 Memorandum-Decision and Order, that Plaintiffs have carried their burden of establishing "that there is a triable issue of fact regarding the intent of the parties when creating the subject accounts and depositing the subject funds into those accounts." *See* Dkt. No. 393, Court's August 25, 2025 Memorandum-Decision and Order, at 13. Nothing in Defendant Pioneer Bank's motion for reconsideration changes that conclusion. Therefore, the Court denies Defendant Pioneer Bank's motion for partial reconsideration.

### III. CONCLUSION

After reviewing the entire file in this matter, the parties' submissions and the applicable law and for the above-stated reasons, the Court hereby

**DENIES** Defendant Pioneer Bank's motion for partial reconsideration, *see* Dkt. No. 394.

**IT IS SO ORDERED.**

Dated: January 28, 2026
       Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge