**DLA Piper LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

Steven M. Rosato
steven.rosato@us.dlapiper.com
T 212.335.4586

September 8, 2026

**VIA ECF**

Honorable Mae A. D'Agostino
United States District Judge
United States District Court
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Room 122
Albany, New York 12207

Re: *Southwestern Payroll Service, Inc., et al. v. Pioneer Bancorp, Inc., et al.* – N.D.N.Y. Case No. 1:19-cv-1349 (MAD/PJE)

Dear Judge D'Agostino:

We represent Pioneer Bank and Pioneer Bancorp, Inc. (collectively, "Pioneer") in the above-referenced matter. In accordance with the instruction of Ms. Norton, we are writing to respectfully submit to the Court the deposition transcripts corresponding to Pioneer's affirmative deposition designations. *See* ECF No. 462-1, Pioneer Aff. Dep. Designations. As explained in footnote 1 on page 1 of that document, Pioneer's affirmative deposition designations mostly comprise testimony of witnesses who are expected to testify live at trial. *Id.* at 1 n.1. The parties have stipulated that the deposition testimony of any such witness shall not be presented live at trial, except for purposes of impeachment. *See* ECF No. 458. Pioneer offers deposition designations for those witnesses in an abundance of caution, to account for the unlikely scenario in which a witness expected to testify live at trial becomes unavailable.

The witnesses who are under trial subpoena and are expected to testify live at trial, but for whom Pioneer has submitted affirmative deposition designations, are: (i) Darin Alred (individual and Rule 30(b)(6); (ii) David Rhoades (individual and Rule 30(b)(6)); (iii) Dawn Cafaro (individual and Rule 30(b)(6)); (iv) Jim Hagen; (v) Steven Pereira (individual and Rule 30(b)(6)); and (vi) Daniel L'Abbe (individual and Rule 30(b)(6)). Consequently, only Pioneer's affirmative deposition designations of Joseph Fleming, Michael Koenig, Michael Mann, John Reinke, and Fannie Yao need be considered and addressed by the Court at this time.

Finally, we respond briefly to plaintiffs' suggestion that "a cursory review of" the deposition transcripts submitted with their affirmative designations shows that Pioneer's objections are "without basis." ECF No. 463, 9/4/26 Neidl Ltr. at 1. To the contrary, a "cursory review" shows that Pioneer's objections are well-founded. By way of example only, plaintiffs'

DLA PIPER



counsel: (i) repeatedly asked witnesses questions concerning documents about which they had no personal knowledge or that were obvious hearsay, such as an affidavit from a non-party to this litigation, *see, e.g.*, ECF No. 463-3, Fleming Tr. 181:13-186:25, 200:22-201:13; (ii) baselessly accused witnesses of not remembering years-old details because Pioneer instructed them not to remember, *see, e.g.*, *id.* 86:12-88:5; (iii) improperly obstructed Pioneer's counsel's questioning of a witness on the entirely baseless ground that the questioning was "outside the scope of direct," as will be explained in a forthcoming motion in limine, *see, e.g.*, ECF No. 463-1, Asfaw Tr. 8:23-12:17, 61:22-65:20, 66:9-14, 67:19-68:5; and (iv) consistently used pejorative and prejudicial language in describing the bank accounts at issue in this case, as will also be explained in a forthcoming motion in limine, *see, e.g.*, ECF No. 463-6, Mann Tr. Vol. I 170:2-171:20. Plaintiffs also improperly seek to designate testimony of witnesses who are not unavailable within the meaning of Federal Rule of Civil Procedure 32(a)(4). *See* ECF No. 462-2 at 73, 97.

In short, Pioneer's objections to plaintiffs' deposition designations are amply supported. Though Pioneer is committed to working with plaintiffs to try to narrow the parties' respective deposition-designation objections before trial, Pioneer stands by its objections and is prepared to address them with the Court. Pioneer is also prepared to address Plaintiffs' proposed counter-designations, which are facially improper, as they are not specifically tethered to any designations they purport to complete. *See* Pioneer Aff. Dep. Designations at 2; ECF No. 460.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Steven M. Rosato*

Steven M. Rosato

Enclosures