**DLA Piper LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

Robert J. Alessi
robert.alessi@us.dlapiper.com
T 212.335.4866

October 10, 2026

**VIA ECF**

Honorable Mae A. D'Agostino
U.S. District Court for the Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Room 122
Albany, New York 12207

Re: *Southwestern Payroll Service, Inc., et al. v. Pioneer Bancorp, Inc., et al.* –
N.D.N.Y. Case No. 1:19-cv-1349 (MAD/PJE)

Dear Judge D'Agostino:

Pioneer writes in response to NatPay's letter, which addresses (at the Court's invitation) NatPay's position that its declaratory judgment action is a "separate claim in this case." Dkt. 537; 10/6 Trial Tr. at 17:20–24.

Earlier this week, Pioneer moved to preclude NatPay from offering evidence, testimony, or argument that it may seek recovery on behalf of employer-clients of MyPayrollHR and ProData. Dkt. 529. NatPay then argued that it could seek over $6 million in funds supposedly from customers of MyPayrollHR and ProData through its declaratory judgment action. 10/6 Trial Tr. at 10:17–11:14. The Court disagreed. It found that NatPay's claimed damages have "always" been "$3.8 million plus [its] claim of punitives," it explained that "a declaratory judgment action . . . does not create an independent cause of action," and it held that NatPay "cannot try to recover on behalf of two entities that are not a part of this case." 10/6 Trial Tr. at 8:16–18, 11:15–19. When NatPay said its declaratory judgment claim was a separate claim, the Court invited briefing on the issue. *Id.* at 17.

In its letter, NatPay states that it seeks only $3,884,114.49 in compensatory damages. Dkt. 537 at 1. Even if that sum were a loss to NatPay (it is not), it would limit NatPay's potential recovery. NatPay ignores this self-evident reality and asks for a declaration requiring Pioneer to release certain funds "to NatPay or a receiver" and declaring Pioneer "liable" to third-party employers. Dkt. 232 ¶ 418. NatPay does not explain why it may obtain that relief, and it may not, for three reasons.

*First*, NatPay lacks both constitutional and prudential standing for the declaratory relief it seeks. NatPay seeks a declaration of the rights of MyPayrollHR, ProData, and their employer clients, not the rights of NatPay. It asks the Court to declare who is entitled to certain funds from those nonparties and to direct that funds be paid to taxing authorities on their behalf. *See* 10/6 Trial

Tr. at 10–11. But MyPayrollHR and ProData are now defunct, and nothing in the record shows that they "have sought any money from NatPay." *Id.* at 15:22–24. The requested declaration therefore would serve only to vindicate the interests of absent third parties, which it cannot do. *See City of New York v. United States Postal Serv.*, 519 F. Supp. 3d 111, 126–27 (E.D.N.Y. 2021) (dismissing a declaratory judgment remedy that went beyond redressing the plaintiffs' injuries); *Rajamin v. Deutsche Bank Nat'l Tr. Co.*, 757 F.3d 79, 86 (2d Cir. 2014) (explaining the prudential standing rule generally bars litigants from asserting the rights of others). Such relief is doubly inappropriate because NatPay expressly disclaimed seeking to enforce the rights of others when it successfully moved to intervene in this case. *See* Dkt. 42 at 1, 4, 7.

*Second*, NatPay cannot obtain a declaration that can provide it no relief. *See S. Jackson & Son, Inc. v. Coffee, Sugar & Cocoa Exch., Inc.*, 24 F.3d 427, 431–32 (2d Cir. 1994) (dismissing a declaratory judgment claim where the plaintiff "would not be entitled to any relief"); *Lebowich v. O'Connor*, 309 F.2d 111, 114 (2d Cir. 1962) (dismissing a declaratory judgment claim that "would not be determinative of any controversy to which [plaintiff] is a party and would be valueless to [plaintiff]"). NatPay seeks a declaration about funds from MyPayrollHR and ProData, which would benefit only those absent nonparties, and NatPay has shown no obligation or practical way to pass any recovery to them. *See* 10/6 Trial Tr. at 11:22–25 (questioning whether NatPay would "call principals of these companies that no longer exist and say, hey, I have some money for you").

*Third*, as this Court has recognized, a declaratory judgment is a remedy, not a separate claim or a source of substantive rights. 10/6 Trial Tr. at 11:15–17; *see also Chevron Corp. v. Naranjo*, 667 F.3d 232, 244–45 (2d Cir. 2012). It "is merely procedural in nature and offers an additional remedy to litigants who have alleged proper causes of action." *Harris v. Clough*, 2024 WL 3964945, at *1 (D. Conn. Aug. 28, 2024) (citing *Gregoire v. Citizens Bank*, 2021 WL 4127076, at *2 n.1 (2d Cir. 2021)). Here, NatPay has already said it believes its declaratory judgment is a separate claim. 10/6 Trial Tr. at 17:23–24. That is because NatPay seeks to misuse declaratory judgment to obtain substantive rights and recoveries well beyond the approximately $3.8 million to which it has limited its alleged injury.

NatPay's letter does not engage with any of these points. It instead reasons that Judge Scullin let its declaratory judgment remedy survive, so this Court should too. But Pioneer does not yet ask the Court to dismiss that remedy—only to limit it to the $3.8 million it has claimed and thus is at issue. *See* Dkt. 392 at 23 n.12 (denying the motion to dismiss NatPay's declaratory judgment claim because NatPay "may be liable to First Premier Bank"). Accordingly, NatPay cannot seek to recover any funds beyond the $3.8 million at issue and cannot seek a declaration concerning rights to those funds. Its request for declaratory relief rises or falls with the only injury it claims: the approximately $3.8 million it contends may be subject to indemnification.

Respectfully submitted,

*/s/ Robert J. Alessi*

Robert J. Alessi